**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUDD ROBERT HOPPE,**

-vs-                                                                    Case No. 6:10-cv-1944-Orl-19DAB

**GREGORY KURTH, FAMILY SERVICES**
**OF METRO ORLANDO,**

        **Defendants.**

_____

## ORDER

This case comes before the Court on periodic review. The Original Complaint, filed by Judd Robert Hoppe on December 29, 2010, failed to provide sufficient allegations or information relating to this Court's jurisdiction for the Court to determine if it could properly exercise jurisdiction over the action. (Doc. No. 1.) As a result, the Court entered an Order directing Hoppe to file an amended complaint setting forth the grounds for this Court's jurisdiction in accordance with Federal Rule of Civil Procedure 8(a)(1).[1] (Doc. No. 4, filed Jan. 10, 2011.) Hoppe subsequently filed an Amended Complaint. (Doc. No. 5, filed Feb. 7, 2011.)

On February 9, 2011, the Court entered an Order finding that the Amended Complaint, like the Original Complaint, provided insufficient allegations or information relating to this Court's jurisdiction for the Court to determine if it could properly exercise jurisdiction over the action ("February 9 Order"). (Doc. No. 7 at 2.) The February 9 Order directed Hoppe to file a second

---

[1] Federal Rule of Civil Procedure 8(a)(1) requires a party to file "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

amended complaint setting forth the grounds for this Court's jurisdiction within thirty (30) days of the date of the Order, which was signed and entered on February 9, 2011. (*Id*.) The February 9 Order also warned that "[f]ailure to comply with the Order may result in sanctions, including but not limited to dismissal of this action without further notice and without prejudice." (*Id*.) As of the date of this Order, more than thirty days has elapsed since the February 9 Order was entered, and Hoppe has not filed a second amended complaint.

Hoppe has also failed to respond the Order to Show Cause directing him to review and certify compliance with Local Rule 1.04(d) and to file a Certificate of Interested Persons. (Doc. No. 6, filed Feb. 8, 2011.) The Order to Show Cause directed Hoppe to file his response within fifteen (15) days of the date of the Order, which was signed and entered on February 8, 2011. The Order to Show Cause similarly warned Hoppe that "[f]ailure to comply with this Order may result in dismissal without prejudice or other appropriate sanctions pursuant to Local Rule 3.10(a) without further notice." (*Id*. at 1.) As of the date of this Order, more than fifteen days has elapsed since the Order to Show Cause was entered, and Hoppe has not filed a response as directed.

In light of Hoppe's failure to comply with both the February 9 Order (Doc. No. 7) and the Order to Show Cause (Doc. No. 6) this case will be dismissed without prejudice.

### Conclusion

Based on the foregoing, the present action is **DISMISSED without prejudice**. The Clerk of the Court is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on April 4, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties